**Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000372
29-OCT-2014
08:35 AM**

NO. CAAP-12-0000372

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee,
v.
MAYUMI HIOKI, Defendant-Appellant


APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(Honolulu Division)
(CASE NO. 1P112-00969)


SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, and Reifurth and Ginoza, JJ.)

Defendant-Appellant Mayumi Hioki (Hioki) was charged with the non-criminal offense of selling tobacco to a minor, in violation of Hawaii Revised Statutes (HRS) § 709-908(1) (1993).[1] After a bench trial, the District Court of the First Circuit (District Court),[2] found that Hioki had committed the charged

---

[1] At the time relevant to this case, HRS § 709-908(1) provided: "It shall be unlawful to sell or furnish tobacco in any shape or form, including chewing tobacco and snuff, to a minor under eighteen years of age."

The penalty for a first-time offender like Hioki was a $500 fine. See HRS § 709-908(4) (Supp. 2011). Because the authorized penalty for the charged offense was a fine, and did not include imprisonment, the charged offense constituted a violation, and not a crime, under HRS § 701-107(5) (1993).

[2] The Honorable Lenore Lee presided.

offense, and it sentenced her to the mandatory $500 fine. The District Court filed its Judgment on April 20, 2012.

On appeal, Hioki contends that there was insufficient evidence to support the District Court's finding that she had committed the charged offense. We disagree and affirm the District Court's Judgment.

I.

J.C., a fifteen-year-old high school student, volunteered to participate in the Cruising Against Tobacco Sales program. As part of this program, volunteers worked with the police and field researches to identify stores that would sell tobacco to minors.

On January 7, 2012, J.C. went to the Kahala Boutique located in the Kahala Hotel. J.C. entered the store with Honolulu Police Department Officer Tiare Sarinean (Officer Sarinean), who was in plain clothes. J.C. and Officer Sarinean acted as if they did not know each other. Hioki was behind the counter. J.C. asked Hioki for a "Kool Milds soft pack." Hioki did not have the requested "Kool Milds" cigarettes, but offered J.C. two other packs of cigarettes, which Hioki obtained from behind the counter. J.C. pointed to the green pack as the one she wanted. Hioki sold J.C. this pack of cigarettes without asking J.C. her age or for identification. J.C. left the store and gave the cigarettes to the police.

After Hioki sold the cigarettes to J.C., Officer Sarinean approached Hioki. Officer Sarinean identified herself as a police officer and informed Hioki that she had sold tobacco to a minor. Hioki responded by attempting to chase after J.C. to retrieve the cigarettes. Officer Sarinean testified that she recovered the cigarettes, which were a pack of "Kool [F]ilter [K]ings in a box[.]"

II.

HRS § 709-908(1) makes it unlawful to sell "tobacco in any shape or form" to a minor under eighteen years old. Hioki argues that the evidence was insufficient because she claims that

2

Plaintiff-Appellee State of Hawai'i (State) failed to prove that the cigarettes she sold to J.C. contained tobacco. We disagree.

In reviewing the sufficiency of the evidence, we view the evidence in the light most favorable to the State. State v. Ildefonso, 72 Haw. 573, 576, 827 P.2d 648, 651 (1992). "The test on appeal is not whether guilt is established beyond a reasonable doubt, but whether there was substantial evidence to support the conclusion of the trier of fact." State v. Hoe, 122 Hawai'i 347, 349, 226 P.3d 517, 519 (App. 2010) (block quote format altered; citation omitted). "Matters of credibility and the weight of the evidence and the inferences to be drawn are for the fact finder." State v. Romano, 114 Hawai'i 1, 8, 155 P.3d 1102, 1109 (2007). "[A]ppellate courts will give due deference to the right of the trier of fact to determine credibility, weigh the evidence, and draw reasonable inferences from the evidence adduced." State v. Agard, 113 Hawai'i 321, 324, 151 P.3d 802, 805 (2007) (internal quotation marks and citation omitted). Accordingly, we may affirm the trial court's finding that a defendant committed the charged offense even though we may have weighed the evidence and drawn reasonable inferences differently if we had been the trier of fact.

Here, the evidence showed that J.C. purchased cigarettes from Hioki that were sold commercially and were identified as "Kool [F]ilter [K]ings," a familiar brand of cigarettes. From this evidence, the District Court could reasonably infer that the cigarettes were commercially produced and that as commercially produced cigarettes, they contained tobacco. See State v. Stackhouse, No. 2002-P-0057, 2003 WL 1904075, at *3 (Ohio Ct. App. Apr. 18, 2003) (holding that a chemical analysis was not necessary to prove that unopened pack of commercially produced Marlboro Light cigarettes sold to a minor and introduced in evidence contained tobacco). The reasonableness of these inferences is supported by federal regulations which prohibit cigarette manufacturers from selling any item "other than cigarettes or smokeless tobacco or roll-

your-own paper" that bears the brand name or any other indicia of product identification similar to, or identifiable with, those used for any brand of cigarettes. 21 C.F.R. § 1140.34(a).[3/]

Hioki's attempt to chase after J.C. and retrieve the cigarettes after being informed by Officer Sarinean of the violation could rationally be viewed as a tacit admission that Hioki knew the pack of Kool Filter Kings contained tobacco and therefore was illegal to sell to a minor. In addition, during the testimony of the State's witnesses, the Kool Filter Kings that Hioki sold to J.C. were referred to as "cigarettes" without objection, and the common understanding of the term "cigarette" as used in a retail store transaction, as well as its definition under HRS Chapter 245, is that of a product containing tobacco. See Dictionary.com, http://dictionary.reference.com/browse/cigarette?s=t (last accessed Oct. 27, 2014) (defining "cigarette" as "a cylindrical roll of finely cut tobacco cured for smoking, considerably smaller than most cigars and usually wrapped in thin white paper"); HRS § 245-1 (2001) (defining "cigarette" as "any roll for smoking made wholly or in part of tobacco . . . the wrapper or cover of which is made of paper or any other substance or material except tobacco").

Hioki contends that the State needed to call an expert witness in order to prove that the cigarettes she sold to J.C. contained tobacco. We disagree. See Stackhouse, 2003 WL 1904075, at *3 (holding that a chemical analysis was not necessary to prove that unopened pack of commercially produced Marlboro Light cigarettes contained tobacco).

When the evidence is viewed in the light most favorable to the State, and giving due deference to the District Court's authority to weigh the evidence and to draw reasonable inferences

---

[3/] For purposes of these federal regulations, the term "cigarette" is defined in such a way that it must contain tobacco, in that to fall within the definition of a "cigarette," the product must be "a tobacco product[.]" 21 C.F.R. § 1140.3(a).

4

from the evidence, we conclude that there was sufficient evidence to support the District Court's finding that Hioki had committed the charged offense.

III.

We affirm the District Court's Judgment.

DATED: Honolulu, Hawai'i, October 29, 2014.

On the briefs:

Stephen T. Hioki
Attorney for Defendant-Appellant

Sonja P. McCullen
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellee

*Craig H. Nakamura*

Chief Judge

*Lawrence M Reifurth*

Associate Judge

*Lisa M King*

Associate Judge